IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER CARUSONE, AND GLENN PARNO,** | : Civil Nos. 1:16-cv-1944, : 1:16-cv-1949 |
| Plaintiffs, | : |
| v. | : |
| **KATHLEEN KANE, RENEE MARTIN, DAVID PEIFER, BRADEN COOK, and WILLIAM NEMETZ** | : : : |
| Defendants. | : Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is the letter/motion to compel filed by Plaintiffs Christopher Carusone and Glenn Parno ("Plaintiffs"). For the reasons outlined below, the court shall grant the motion.

## I. **Background**

This is a civil dispute arising from the former Pennsylvania Attorney General, Kathleen Kane ("Kane"), allegedly publishing evidence she discovered during an investigation in politically-targeted and self-serving ways. Following the court's previous order on Plaintiffs' first subpoena, Plaintiffs submitted two additional subpoenas that the Pennsylvania Office of Attorney General ("OAG") has refused, in part, to comply with. The second subpoena includes, *inter alia*, seven requests for information previously approved by the court, but including new OAG employees and custodians whose email inboxes need be searched to comply with the

1

subpoena.[1] In its third subpoena, Plaintiffs also requested access to Kane's Blackberry cell phone.

In their motion, Plaintiffs: (1) provide several pieces of evidence supporting their requests for the custodians at issue; (2) argue OAG has waived all objections to the third subpoena by failing to respond with timely objections; and (3) request forensic access to Kane's Blackberry.[2] In response ("Resp."), OAG objects that the requests are not proportional to the needs of the case because: (1) the additional custodians lack much of the requested information; (2) searching the additional inboxes would be unduly burdensome; and (3) OAG has already tried to access Kane's Blackberry and failed. OAG also alleges Plaintiffs were deficient in their obligations to confer. On reply ("Reply"), Plaintiffs point out OAG has submitted no evidence in support of its response and argue they conferred a significant amount regarding the discovery issues in this case. Having been fully briefed, the issue is now ripe for the court to resolve.

---

[1] A few issues appear to have already been resolved by the parties. For example: Plaintiffs have narrowed their requested custodians down to twelve; OAG has agreed to now comply with Request 8 in the second subpoena; and OAG has agreed to provide email-by-email review of all emails involving a select group of people during the timeframe of September 15, 2014 through October 5, 2014. The court trusts OAG will comply with the representations it has made to the court.

[2] Plaintiffs have submitted no affidavit or declaration authenticating any of their attachments. *See* FED. R. EV. 901. Because OAG has not objected, the court shall consider them as accurate representations of what Plaintiffs refer to them as. *United States v. Ntreh*, 142 F. App'x 106, 108 n.4 (3d Cir. 2005) (finding the court did not err in admitting inauthenticated documents where "no objection on this ground was stated at trial").

## II. Discussion

Under amended Federal Rule of Civil Procedure 26(b)(1), parties are generally allowed to seek discovery regarding relevant information as long as the request is "proportional to the needs of the case." In conducting a proportionality analysis, the court should begin by examining the significance of the controversy at issue, the parties' resources and access to information, and whether the burden or expense of complying with the discovery outweighs its benefit. *Id.* Here, the controversy at issue is significant to the public—as it concerns potential public corruption and abuse of authority[3]—and potentially involves a significant amount in controversy. And OAG is a "government entity with significant resources at its disposal." *Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 3:17-CV-101, 2018 WL 2088760, at *2 (M.D. Pa. May 4, 2018). Thus, the court here "is not inclined to sustain a proportionality objection without a showing that the sought after material is unimportant to the issues in this case and the burden or expense of producing such material is excessive in comparison to the size of this litigation." *Id.* The court begins by analyzing OAG's relevance objections.

OAG claims that much of the information sought is not relevant because the additional custodians were not materially involved in the transmission of the emails

---

[3] The court's belief that the controversy is significant is not a statement regarding the court's opinion regarding the merits of either party's claims or defenses.

at issue and did not aid in the political targeting of Plaintiffs. There are two problems with this objection. First, OAG makes several factual claims without presenting any evidence supporting them. Second, these factual claims are interwoven with Defendant Kathleen Kane's substantive defense. The entire purpose of discovery is to afford the opposing party the opportunity to support their claim or defense by reviewing evidence in another party's possession. The court would therefore be remiss to deny Plaintiffs the opportunity to conduct discovery simply on the basis that OAG has put forward a persuasive explanation of its substantive defense. Moreover, the evidence presented by Plaintiffs creates at least a prima facie impression that the additional custodians were selected because Plaintiffs have a good-faith basis for believing they possess information that could yield relevant material. Therefore, OAG must satisfy a high bar in its undue burden objection for the motion to be denied. The court now begins examining OAG's burden in complying with the subpoenas.

In *Ehrlich v. Union Pacific Railroad Company*, the United States District Court for the District of Kansas issued a well-analyzed opinion laying out the proper method for analyzing an unduly burdensome objection:

> A party asserting an unduly burdensome objection to a discovery request has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. Additionally, the objecting party must show

> not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Any objections that discovery is unduly burdensome must contain a factual basis for the claim, and the objecting party must usually provide an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.

302 F.R.D. 620, 625-26 (D. Kan. 2014) (internal quotations and brackets omitted). As such, absent evidence, a party cannot defeat a motion to compel enforcement of a subpoena on the basis that the subpoena imposes an undue burden on the party. *See, e.g.*, *Thompson v. Glenmede Trust Co.*, No. CIV. A. 92-5233, 1993 WL 497952, at *1 (E.D. Pa. Dec. 1, 1993) ("[D]efendants offer no evidence to support their bald assertions that complying with the plaintiffs' requests will be unduly burdensome. Accordingly, the Court grants the plaintiffs' motion with respect to requests nos. 1 through 10."); *N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1265 (C.D. Cal. 2014) (holding non-movant's "arguments in briefs [we]re not competent evidence" and therefore could not serve as the evidentiary basis for an unduly burdensome objection to a subpoena).

Here, OAG raises two unduly burdensome objections: (1) reviewing the additional email inboxes would be generally arduous; and (2) getting access to Kathleen Kane's Blackberry is proving difficult. In support of these objections,

OAG claims it attached a document to its letter outlining the burden it suffered complying with the first subpoena. It appears, however, that OAG did not actually attach any documents to its letter brief to the court. Plaintiffs point out the lack of evidence in their reply brief.

The court is also reluctant to grant OAG an opportunity to fix this apparent error because its description of the document does not appear sufficient to satisfy its burden. OAG's description of this document suggests it does not contain information regarding what its burden would be if it was forced to comply with the second and third subpoenas in their entirety—it only explains how complying with the first subpoena, which requested many more documents, was cumbersome. The document would not provide the court with guidance as to how many emails OAG will be compelled to review, how much time it would take, and how much this would cost OAG. It also is irrelevant to OAG's complaint regarding its difficulty accessing Kathleen Kane's Blackberry. As such, the court finds no factual basis for OAG's unduly burdensome objections. The court thus overrules them.[4]

Finally, Plaintiffs have requested the court grant them access to the Blackberry so they can forensically examine it. OAG did not respond to this

---

[4] Plaintiffs also claim OAG did not raise any timely objections to the third subpoena and thus waived any. OAG did not rebut this, explain why their responses were late, request leave to amend their responses, or otherwise request that the court permit their late objections. As such, waiver is another basis upon which the court could grant Plaintiffs' motion to compel enforcement of the third subpoena. *Shenker v. Sportelli*, 83 F.R.D. 365, 266-67 (E.D. Pa. 1979).

proposal. This appears to be a reasonable solution to the problem, alleviating OAG's unduly burdensome objection and permitting Plaintiffs the opportunity to try to access any additional information on the phone.[5] The court will thus grant the request.

On a separate note, the court wants to take this opportunity to comment on a few housekeeping matters. To begin, the court reminds the parties of paragraph two in the Middle District Code of Professional Conduct, which states:

> I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

"Confrontational posturing and 'hardball' litigation strategies are inconsistent with counsel's obligations under the Federal Rules of Civil Procedure to bring litigation to a speedy and inexpensive resolution." *Roberts v. Lyons*, 131 F.R.D. 75, 83 (E.D. Pa. 1990) (internal quotations omitted). Specifically, the court finds OAG appears to have been repeatedly uncooperative in the discovery process, in fact conceding they did not file timely responses to the third subpoena and providing the court with

---

[5] Because the Blackberry was Kane's work phone, the court does not expect there to be ample personal and private information on there. Nonetheless, the court instructs Plaintiffs' counsel to diligently focus its review of the Blackberry on material relevant to the lawsuit and reminds counsel and Plaintiffs that the acquisition and use of any of Kane's personal information on the Blackberry could expose them both to sanctions and an abuse of process claim. *See Langman v. Keyston Nat'l Bank & Trust Co.*, 672 F. Supp. 2d 691, 700-01 (E.D. Pa. 2009).

7

no explanation as to why. Further, Plaintiffs' reply brief is laced with toxic rhetoric, condescendingly referring to OAG's objections as evidence OAG is "quick to whine," and accusing Mr. Ellis of being "engaged in an effort to deceive this Court." (Pl. Reply, p. 2.) While the court holds OAG has failed to carry its burden of proof regarding its objections, the court finds OAG's efforts to mitigate its client's discovery expenses reasonable. Further, mistakes are frequently made in briefs. It is a well-established tenet of psychology that humans suffer from fundamental attribution error, rendering us quick to attribute another person's failure to poor character, while providing myriad excuses and justifications for our own. Thus, absent a smoking gun or strong circumstantial evidence, the court views such incendiary rhetoric as a waste of everyone's time and energy. If the parties discover an actual evidentiary basis for believing opposing counsel has intentionally misrepresented a fact to the court, the proper remedy is Rule 11.

Additionally, while OAG's counsel understandably relied on a statement from the court concerning the filing of its brief, future briefs should be submitted in letter form, as previously instructed by the court. Also, motions such as these need to include proposed orders so the court can understand clearly what relief the movant is seeking.

### III. Conclusion

For the reasons outlined above, the court grants the motion to compel. OAG shall review the documents held by the twelve custodians Plaintiffs insist upon in their motion. Regarding the third subpoena, OAG shall produce the Blackberry for forensic examination by an agreed-upon third-party who can research efforts to access the phone. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: October 22, 2019